**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-587C
(Filed: December 23, 2014)

**NOT FOR PUBLICATION**

**FILED**
DEC 2 3 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KEVIN L. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Kevin L. Perry, El Centro, CA, pro se.

Russell J. Upton, Trial Attorney, with whom were Stuart F. Delery, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Captain Christopher J. Koschnitzky, Litigation Attorney, United States Army Legal Services Agency, Fort Belvoir, VA, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Pending before the court is defendant's motion to dismiss the pro se complaint in the above-captioned case for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss (Def.'s Mot.), Sept. 3, 2014, Dkt. No. 6. Plaintiff filed his complaint in this court on July 10, 2014, alleging that "human experimentation" conducted by various medical professionals, including military doctors while he was enlisted in the United States Army, effected a taking of his body by the government in violation of the Fifth Amendment. Compl. at 39–45, Dkt. No. 1. Specifically, plaintiff contends he has a property interest in his body, the "fraudulent conversion" of which constituted an "inverse condemnation" and for which he is entitled to compensation in the amount of $120 million. Id. at 45, 51. Plaintiff's other requests

for relief arise from the separation status he was granted upon his discharge from the military. Id. at 52.

As explained further below, the court finds that plaintiff's complaint contains no claims over which this court possesses jurisdiction. Defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED** in its entirety.

In addition, the court notes that the instant complaint contains the same or substantially similar claims and requests for relief as have the numerous other complaints plaintiff filed previously in this court and in various federal district courts. All of plaintiff's prior filed claims have been met without success. Plaintiff's claims in the instant suit likewise cannot stand. Given the repetitive and vexatious nature of the allegations brought by plaintiff, and as further discussed at the conclusion of this opinion, any attempts by plaintiff to make additional filings, unless directed to do so by the court, must be accompanied by a motion for leave to file.

I.  Background

Plaintiff is subject to the pre-filing terms of an injunctive order entered by the United States District Court for the Southern District of California in Perry v. Veolia Transport (Veolia Transport), No. 11-CV-176-LAB-RBB, 2011 WL 4566449 (S.D. Cal. Sept. 30, 2011). Based on a substantial record of frivolous filings in both federal and state courts, the Southern District of California found plaintiff to be a vexatious litigant and enjoined him from "filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court." Id. at *1.

In addition to the litigation history identified in Veolia Transport, plaintiff has been an active litigant in this court. Since 2012, plaintiff has brought two other actions in this court, the first of which was dismissed for lack of jurisdiction, see Order, Perry v. United States, No. 12-425 (Fed. Cl. Dec. 26, 2012), Dkt. No. 9, aff'd, 524 Fed. App'x 680 (Fed. Cir. 2013) (unpublished), reh'g denied (Fed. Cir. June 5, 2013), and the second of which was dismissed for failure to comply with the pre-filing terms to which he is subject, and in the alternative, for lack of jurisdiction, see Order Granting Def.'s Mot. to Dismiss, Perry v. United States, No. 12-525 (Fed. Cl. June 4, 2013), Dkt. No. 12, aff'd, 548 Fed. App'x 614 (Fed. Cir. 2013) (affirming dismissal on the first ground). See also Order, Perry v. United States, No. 12-425 (Fed. Cl. Nov. 14, 2013), Dkt. No. 21, aff'd, 558 Fed. App'x 1004, 1008 (Fed. Cir. 2014) (unpublished) ("This court agrees with the Court of Federal Claims that Mr. Perry's present motions 'are yet additional instances by plaintiff of his filing frivolous claims.'").

In the instant complaint, plaintiff alleges that "the overprescribing and off-label use of prescription drugs" for treatment of a skin condition on his scalp by various medical professionals, including military doctors while he was enlisted in the United

2

States Army between 1990 and 1994, constituted "human experimentation." Compl. at 8, 10–11, 45–47. Plaintiff claims that the alleged "human experimentation" constituted "fraudulent conversion," or a "taking," of his "human body," an activity of which he did not become aware until August of 1998. Id. at 11, 45, 47. Plaintiff requests $120 million as "just compensation" for such taking. Id. at 51 ¶ 1. Based on the alleged "human experimentation," plaintiff also requests various forms of non-monetary relief which appear to arise from his dissatisfaction with the status of his separation from the military. Plaintiff asks the court to order the correction of his military records to reflect a "100-percent medical discharge," to commission "expert advisory opinions" regarding his "fitness" for active duty, and to instruct the Board of Veterans Appeals to reconsider his earlier unsuccessful challenges to the amount of his VA benefits, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552(d)(3). Id. at 52 ¶¶ 2–5. Plaintiff also asks for a declaration that all his alleged injuries were "'combat[-]related and service[-]connected' incurr[ed] in the line of duty." Id. at 52 ¶ 6.

Defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction on September 3, 2014. Def.'s Mot. Plaintiff filed his opposition to defendant's motion on September 17, 2014, Pl.'s Resp., Dkt. No. 7, and defendant filed its reply on September 30, 2014, Def.'s Reply, Dkt. No. 8. Thereafter, plaintiff sought to make two additional filings. Finding the submissions to be improper, the court directed the Clerk's Office to return them to plaintiff unfiled. See Order, Nov. 19, 2014, Dkt. No. 9.

II.     Legal Standards

The jurisdiction of the United States Court of Federal Claims is a threshold matter for consideration. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998)). A filed claim must be dismissed if the court lacks jurisdiction to hear it. See RCFC 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The ability of this court to entertain suits against the United States is both established and limited by the Tucker Act. See 28 U.S.C. § 1491 (2012). While the Tucker Act provides jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1), the Act itself does not create a substantive right to monetary relief from this court, United States v. Testan, 424 U.S. 392, 398 (1976). Rather, "[a] substantive right must be found in some other source of law." United States v. Mitchell, 463 U.S. 206, 216 (1983). Thus, to invoke the court's jurisdiction over a claim, a plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself," Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004), such as "some money-mandating constitutional provision, statute or regulation that has been violated, or an

3

express or implied contract with the United States," Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). See also Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1307 (Fed. Cir. 2008) (noting that under the Tucker Act, a "money-mandating" claim "exists if the statute, regulation, or constitutional provision that is the basis for the complaint 'can fairly be interpreted as mandating compensation by the Federal Government'" (quoting Mitchell, 463 U.S. at 216–17)).

This court's jurisdiction is further limited by a six-year statute of limitations, which is jurisdictional and cannot be equitably tolled. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008). The statute of limitations provides that claims over which the Court of Federal Claims would otherwise have jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2012). A claim accrues under the Tucker Act "when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (1966)).

When considering a motion to dismiss for lack of jurisdiction, the court must take "the allegations stated in the complaint . . . as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). Plaintiff bears the burden of establishing jurisdiction by preponderant evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942)). While complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se plaintiffs nonetheless must meet the jurisdictional requirements, Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (2004).

III. Discussion

As explained in further detail below, the court finds that plaintiff's complaint contains no claims over which this court has jurisdiction.

A. Plaintiff's Monetary Claim Fails for Want of Jurisdiction

Plaintiff contends he has a "property interest" in his body, the alleged "fraudulent conversion" of which constituted an "inverse condemnation" in violation of the Fifth Amendment. Although plaintiff styles this claim of alleged "human experimentation" as a taking, his claim sounds in tort. See, e.g., Gable v. United States, 106 Fed. Cl. 294, 297–98 (2012) (finding no jurisdiction to adjudicate claims of medical malpractice and "unauthorized medical treatment" because they sound in tort). As the Tucker Act

4

expressly prohibits this court from entertaining cases sounding in tort, see 28 U.S.C. § 1491(a)(1), plaintiff's claim fails for want of jurisdiction.

Moreover, plaintiff states he did not become aware of the alleged "human experimentation" until August of 1998. Id. at 47. Thus, by his own admission, plaintiff's takings claim accrued over fifteen years ago and falls well outside this court's six-year statute of limitations. See 28 U.S.C. § 2501.

B.  Plaintiff's Non-Monetary Claims Also Fail

Plaintiff seeks certain equitable and declaratory relief related to his military records, discharge status, and the status of his injuries. See Compl. at 52 ¶ 2 (seeking an order directing the Secretary of the Army to change his military records to reflect a "100-percent medical discharge" instead of honorable discharge); id. ¶ 3 (seeking an order directing "expert advisory opinions" regarding plaintiff's "fitness" for active duty during time of his enlistment); id. ¶ 6 (seeking a declaration that all of plaintiff's injuries were "combat[-]related and service[-]connected incurr[ed] in the line of duty").

However, plaintiff's discharge from the military concededly occurred in 1994, Compl. at 46, and thus all of these claims fall outside of the court's six-year statute of limitations, see 28 U.S.C. § 2501.

Moreover, pursuant to the Remand Act, any equitable relief ordered by the court must be "incident of and collateral to" a money damages award. 28 U.S.C. § 1491(a)(2). Here, plaintiff's request for equitable relief cannot survive when there is no likelihood of a money judgment to which that relief could be "incident of and collateral to." Accordingly, because plaintiff's monetary claim fails for want of jurisdiction, plaintiff's requests for equitable relief also fail for want of jurisdiction.

Plaintiff further seeks equitable relief related to his VA benefits and decisions of the Board of Veterans Appeals. Specifically, plaintiff asks this court to direct the Board of Veterans Appeals to reconsider its prior decisions regarding his VA benefits, in light of the "human experimentation" alleged in the instant complaint, and in accordance with the Privacy Act of 1974, 5 U.S.C. § 552(d)(3). See Compl. at 52 ¶¶ 4–5.

Plaintiff once again seeks to challenge the determination of his VA benefits. Plaintiff essentially sought the same relief in the first action he brought in this court; that action was dismissed for lack of jurisdiction and affirmed by the Federal Circuit. This court and the Federal Circuit have informed plaintiff, on numerous occasions, that the limited jurisdiction of this court expressly precludes the court's ability to hear these types of claims. See Perry, 524 Fed. App'x at 682; Perry, 558 Fed. App'x at 1007. The Federal Circuit also has made clear to plaintiff that the scope of its own jurisdiction to review VA benefit determinations is limited. See Perry, 524 Fed. App'x at 681–82.

C.  Transfer is Not Within the Interests of Justice

When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction).

"The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987))). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Plaintiff has already filed suits in the Southern and Central Districts of California, asserting the same or substantially similar claims based on the alleged "human experimentation" that he now brings in this court. Compl. at 47, 49; see also Pl.'s Exs. 79–80. Plaintiff first advanced his "human experimentation" claim over fifteen years ago, in May 1999, in the Southern District of California, see Pl.'s Ex. 79, and again, in August 2002, in the Central District of California, see Pl.'s Ex. 80. Both actions were dismissed for failure to prosecute. See Order of Dismissal, Perry v. Bristol Myer Squib, No. 99-CV-1099-IEG(JAH) (S.D. Cal. Oct. 25, 1999), Dkt. No. 7; Order of Dismissal, Perry v. United States, No. CV 02-6039-DDP-VBKx (C.D. Cal. June 12, 2003), Dkt. No. 21. The court notes that the complaint filed by plaintiff in the Central District of California in 2002 contains essentially the same or substantially similar takings claim as that which plaintiff has asserted in the instant complaint. See Pl.'s Ex. 80 at 113–19 (alleging a "Taking (Fraudulent Conversion) or Damaging of Property (Human Body) For Public Use (Human Experimentation For Safety and Effectiveness of Prescription Drugs")).

Moreover, as previously discussed, plaintiff did not become aware of the alleged "human experimentation" until August of 1998. Compl. at 47. Not only has plaintiff waited nearly fifteen years to reassert claims based on the alleged "human experimentation" in this court, his claims are based on events too far back in time to be within any conceivable limitations period in any court.

"Finally, it would be remiss of this court to ignore the Southern District of California's pre-filing injunction." Perry, 558 F. App'x at 1008 (citing Veolia Transport,

6

2011 WL 4566449, at *11). Based on his "numerous and meritless state and federal court actions," Veolia Transport, 2011 WL 4566449, at *10, plaintiff has been deemed a vexatious litigant by the Southern District of California, id. at *1. See also id. at *10 (noting plaintiff's history of bringing at least eight other unsuccessful suits in state and federal court since 1998, almost all of which were dismissed with prejudice or for failure to prosecute or comply with court orders).

The prior filings made by plaintiff—similarly founded on allegations of "human experimentation" as he has asserted here—as well as plaintiff's noted history of frivolous filings and the untimeliness of his claims, counsel resoundingly against the transfer of plaintiff's case. Given the apparent futility of transfer to another federal court, the court declines to transfer this action.

IV. Conclusion

For the foregoing reasons, the court finds that plaintiff's complaint contains no claims over which this court has jurisdiction. Defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED** in its entirety. Moreover, the court does not find that a transfer of this case would serve the interests of justice.

Plaintiff's instant complaint rehashes the same or similar factual and legal contentions that gave rise to the complaints that plaintiff previously filed in this court and in federal district courts nearly fifteen years ago. These claims were unsuccessful. Undeterred, plaintiff persists with the instant claim. Because the court finds that the plaintiff's latest filings are "yet additional instances by plaintiff of his filing frivolous claims," Perry, 558 Fed. App'x at 1008, and do not raise new claims as required by the pre-filing terms of Veolia Transport to which he is subject, the court **ORDERS** the following:

**Plaintiff is immediately enjoined from filing any new complaint in this court without first obtaining leave to do so. In seeking leave to file, plaintiff must certify and explain how his complaint raises new matters properly before the court.**

The Clerk of Court shall reject all future complaints from plaintiff, unless filed by leave of the court.

IT IS SO ORDERED.

*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Chief Judge